UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYRONE HAWKINS, KEIWHA JETER, and HANEEF MAVIN, individually and on behalf of all other persons similarly situated who were employed by F. BASSO, JR. RUBBISH REMOVAL, INC. and/or any other entities affiliated with or controlled by F. BASSO, JR. RUBBISH REMOVAL, INC. and/or DAVID BASSO, <br><br> Plaintiffs, <br><br> -against- <br><br> F. BASSO, JR. RUBBISH REMOVAL, INC. and/or any other entities affiliated with or controlled by F. BASSO, JR. RUBBISH REMOVAL, INC., and DAVID BASSO, <br><br> Defendants. | Docket No.: <br><br> ACTION UNDER <br> 29 U.S.C. § 201 *et seq*. <br><br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

Named Plaintiffs Tyrone Hawkins ("Named Plaintiff Hawkins"), Keiwha Jeter ("Named Plaintiff Jeter"), and Haneef Mavin ("Named Plaintiff Mavin") (together "Named Plaintiffs"), individually and on behalf of all other persons similarly situated ("Plaintiffs") who were employed by F. BASSO, JR. RUBBISH REMOVAL, INC., and/or any other entities affiliated with or controlled by F. BASSO, JR. RUBBISH REMOVAL, INC. ("Basso Rubbish") and DAVID BASSO a/k/a Dave Basso ("Defendant David Basso") (together, "Defendants"), by their attorneys, Virginia & Ambinder, LLP, allege as follows:

## NATURE OF ACTION

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b) and N.J.S.A. §§ 34:11-56a4 *et seq*.; to recover earned but unpaid overtime compensation owed to the Named Plaintiffs and members of the putative class for residential and commercial waste collection work that they performed while employed by Defendants.

2. Beginning in approximately May 2019 and continuing to the present Defendants have engaged in a policy and practice of requiring members of the putative class to regularly work in excess of forty (40) hours per week, without providing overtime compensation, as required by applicable federal and New Jersey state law.

3. Under the direction of David Basso, Defendants instituted this practice of depriving the Named Plaintiffs and the members of the putative class of the aforementioned overtime wages in violation of federal and New Jersey state law.

4. Named Plaintiffs have initiated this action on behalf of themselves and members of the putative class to recover the overtime compensation that they were deprived of, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION

5. This Court has original jurisdiction over this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This court has supplemental jurisdiction over all New Jersey State Law claims pursuant to 28 U.S.C. § 1367.

6. Upon information and belief, under 29 U.S.C. § 201, *et seq.*, and the cases interpreting same, Defendant Basso Rubbish constitutes an "enterprise engaged in commerce."

7. Upon information and belief, Defendants' gross yearly revenues are in excess of $500,000.

## VENUE

6. Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(2), as this action is brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## THE PARTIES

7. Named Plaintiff Hawkins is a resident of Union county, New Jersey, and worked

for Defendants as a driver performing residential and commercial waste collection work from approximately October 2022 to April 2025.

8. Named Plaintiff Jeter is a resident of Union county, New Jersey, and worked for Defendants as a driver performing residential and commercial waste collection work from approximately 2020 to April 2025.

9. Named Plaintiff Mavin is a resident of Essex county, New Jersey, and worked for Defendants as a driver performing residential and commercial waste collection work from approximately 2019 to April 2025.

10. Upon information and belief, Defendant Basso Rubbish is a corporation incorporated under the laws of the State of New Jersey, with its principal location at 55-93 South 20th Street, Irvington, New Jersey 07111, and is engaged in the solid waste collection and transportation business in the State of New Jersey.

11. Upon information and belief, Defendant David Basso is and was at all relevant times an officer, shareholder, agent of and/or owner of Basso Rubbish, which is a closely held corporation.

12. Upon information and belief, Defendant David Basso resides at 148 Rock Rd W Green Brook, NJ 08812.

13. Upon information and belief, Defendants jointly employed Plaintiffs at all relevant times.

14. Defendant David Basso controls the day to day business operations of Basso Rubbish, makes decisions regarding employment policies and practices, exercises hiring and firing authority, and sets schedules and rates of pay for Named Plaintiffs and the putative class and collective members

15. Upon information and belief, Named Plaintiffs and putative class and collective members performed work that simultaneously benefitted Defendants and Defendants shared control of the work performed by Named Plaintiffs and members of the putative class and collective.

## CLASS AND COLLECTIVE ALLEGATIONS

16. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

17. This action is brought by the Named Plaintiffs on behalf of themselves and a putative class consisting of similarly situated employees who performed residential and commercial waste collection work for the Defendants and/or other related tasks for Defendants from May 2019 to the present, including drivers, driver's helpers, groundmen, waste collectors, loaders, and other related jobs other than office and executive personnel.

18. This action is properly maintainable as a class action pursuant to the New Jersey Rules of Court § 4:32 and N.J.S.A. § 34:11-56.40: "[a]ny workman shall be entitled to maintain [an action for underpayment of prevailing wages] for and on behalf of himself or other workmen similarly situated, and such workman and workmen may designate an agent or representative to maintain such action for and on behalf of all workmen similarly situated."

19. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class and collective is believed to be in excess of 40 similarly situated individuals. In addition, the names of all potential members of the putative class are not known.

20. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not

limited to: whether the Defendants failed to pay the Named Plaintiffs and members of the putative class their earned overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week; whether Defendants failed to record the time Named Plaintiffs and members of the class worked; and whether Defendants kept accurate time and payroll records.

21. The claims of the Named Plaintiffs are typical of the claims of the putative class and collective.

22. The Named Plaintiffs and the members of the putative class were all subject to Defendants' policies and willful practices of failing to pay overtime wages at the rate of one- and one-half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week.

23. Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiffs have retained counsel experienced in complex wage and hour class action litigation.

24. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The members of the putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## FACTS

25. Beginning in approximately May 2019, the Defendants employed Named Plaintiffs and other members of the putative class and collective to perform residential and commercial waste collection work and related tasks for the Defendants in the State of New Jersey.

26. Named Plaintiff Tyrone Hawkins worked for Defendants as a driver performing

residential and commercial waste collection work from approximately October 2022 to April 2025.

27. Named Plaintiff Hawkins typically worked for Defendants from between approximately 4:00 a.m. to 5:00 a.m. until between approximately 3:00 p.m. to 4:00 p.m., six days per week.

28. Defendants paid Named Plaintiff Hawkins $36.50 per hour, but only for a maximum of forty (40) hours per week regardless of whether he worked more than forty (40) hours per week.

29. Although Named Plaintiff Hawkins regularly worked more than forty (40) hours per week, he was never paid overtime compensation at the rate of one and one-half times his regular rate of pay for hours worked over forty (40) in a week.

30. Named Plaintiff Jeter worked as a driver performing residential and commercial waste collection work for the Defendants from approximately 2020 to April 2025.

31. Named Plaintiff Jeter typically worked for Defendants from approximately between 3:30 a.m. to 4:00 a.m. until between 1:00 p.m. to 2:00 p.m., and sometimes until between 3:00 p.m. to 4:00 p.m., six days per week.

32. Defendants paid Named Plaintiff Jeter $36.50 per hour, but only for a maximum of forty (40) hours per week regardless of whether he worked more than forty (40) hours per week.

33. Although Named Plaintiff Jeter regularly worked more than forty (40) hours per week, he was never paid overtime compensation at the rate of one and one-half times his regular rate of pay for hours worked over forty (40) in a week.

34. Named Plaintiff Mavin worked as a driver performing residential and commercial waste collection work for the Defendants from approximately 2019 to April 2025.

35. Defendant David Basso directly hired Named Plaintiff Mavin, and directly spoke

with Named Plaintiff Mavin to set his rate of pay.

7. Named Plaintiff Mavin typically worked for Defendants from approximately between 3:30 a.m. to 4:00 a.m. until between 1:00 p.m. to 3:00 p.m., six days per week.

8. Defendants paid Named Plaintiff Mavin $41.25 per hour, but only for a maximum of forty (40) hours per week regardless of whether he worked more than forty (40) hours per week.

9. Although Named Plaintiff Mavin regularly worked more than forty (40) hours per week, he was never paid overtime compensation at the rate of one and one-half times his regular rate of pay for hours worked over forty (40) in a week.

10. During their employment with Defendants, Named Plaintiffs transported residential and commercial waste within the state of New Jersey.

11. Named Plaintiffs and, upon information and belief, putative class and collective members, did not reasonably expect to be called upon to drive outside the state of New Jersey.

12. Named Plaintiffs are not aware of any driving routes that went outside of the State of New Jersey.

13. Named Plaintiffs and the members of the putative class and collective regularly collected residential and commercial waste on behalf of Defendants throughout the State of New Jersey, including but not limited to locations in Passaic and Newark.

14. Named Plaintiffs and the members of the putative class and collective would then deliver the waste to facilities located within the State of New Jersey.

15. Named Plaintiffs were not paid on a salary basis. If they missed work for a day, they would not be paid for that day.

16. Named Plaintiffs did not have hiring and firing powers, and did not have the authority to demote promote any employees of Defendants

17. Named Plaintiffs' primary duty performed for Defendants was driving.

18. Like Named Plaintiffs, members of the putative class and collective worked beyond forty (40) hours per week.

19. Like Named Plaintiffs, Defendants failed to pay members of the putative class and collective overtime compensation at the rate of one and one-half times their regular wage rate for hours worked beyond forty (40) per week.

20. Upon information and belief, while working for the Defendants, Named Plaintiffs and the members of the putative class and collective did not receive any overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty (40) hours in any given week.

21. Upon information and belief, Defendant David Basso was the owner, principal, officer, director, supervisor, and/or agent of Defendant Basso Rubbish and (i) had the power to hire and fire employees for those entities; (ii) controlled employee work schedules or conditions of employment for those entities; (iii) determined the rate and method of payment for the employees of those entities; and (iv) generated and maintained employment records for those entities.

22. Defendant David Basso was the individual who made the decision to terminate the employment of Named Plaintiffs in April of 2025.

23. Defendant David Basso dominated the day-to-day operating decisions of Basso Rubbish, made major personnel decisions for Basso Rubbish, and had complete control of the alleged activities and employment policies and practices of Basso Rubbish, which give rise to the claims brought herein.

24. Defendant David Basso was a supervisor, officer and/or agent of Defendant Basso,

who acted directly or indirectly in the interest of Defendant Basso,

25. Defendant David Basso is an "employer" within the meaning of the FLSA and N.J.S.A.

26. Upon information and belief, the Defendants willfully disregarded and purposefully evaded the recordkeeping requirements of the FLSA and applicable New Jersey State law by failing to maintain proper and complete timesheets or payroll records, failing to pay Named Plaintiffs and members of the putative class and collective for any time worked after forty (40) hours per week, and entirely failing to maintain any system for tracking the hours Named Plaintiffs and members of the putative class and collective actually worked.

## FIRST CAUSE OF ACTION
## AGAINST DEFENDANTS:
## FLSA OVERTIME COMPENSATION

27. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 33 hereof.

28. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of [their] employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for [their] employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

29. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

30. The Named Plaintiffs and other members of the putative class and collective are

"employees," within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(e).

31. Defendants Basso and Basso Junior are "employers," within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d), and consequently, are liable for violations of the FLSA.

32. Upon information and belief, Defendants failed to pay the Named Plaintiffs and other members of the putative class and collective all earned overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

33. The failure of Defendants to pay the Named Plaintiffs and other members of the putative class and collective their rightfully owed wages and overtime compensation was willful.

34. By the foregoing reasons, Defendants are liable to the Named Plaintiffs and members of the putative class and collective in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## AGAINST THE DEFENDANTS:
## NEW JERSEY OVERTIME COMPENSATION

35. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 41 hereof.

36. In violation of N.J.S.A. §§ 34:11-56a4 *et seq.*, the Defendants willfully failed to pay the Named Plaintiff and the members of the putative class and collective their statutorily required overtime compensation at the rate of one and one-half times their regular rate of pay for the work that they performed in excess of forty (40) hours a week for the Defendants.

37. By the foregoing reasons, Defendants are liable to the Named Plaintiffs and members of the putative class and collective in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## JURY TRIAL DEMANDED

38. Plaintiffs demand that all issues of fact be decided by a jury.

**WHEREFORE**, the Plaintiffs demand judgment:

(1) on their first cause of action against Defendants, all applicable damages under the law including but not limited to an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on their second cause of action against Defendants, all applicable damages under the law including but not limited to an amount to be determined at trial, plus liquidated damages as permitted under N.J.S.A. §§ 34:11-56a4 *et seq*. in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;  and

(3)  any other and further relief the Court may deem appropriate.

Dated: New York, New York
May 28, 2025

        VIRGINIA & AMBINDER, LLP

        By:_____/s/_____
           Jack L Newhouse, Esq.
           Michele A. Moreno, Esq.
           Alanna R. Sakovits, Esq.
           40 Broad Street, 7th Floor
           New York, New York 10004
           Tel: (212) 943-9080
           jnewhouse@vandallp.com
           mmoreno@vandallp.com
           asakovits@vandallp.com

*Attorneys for the Named Plaintiffs
and the Putative Class*